IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CYNTHIA A. CONJALKO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-318 Erie |
| v. | ) | |
| CYS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

Currently pending before the Court is the Defendant's Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. No. 7].

### I. BACKGROUND

Plaintiff, Cynthia A Conjalko, instituted the instant action *pro se* against Defendant, "CYS." See Complaint [Doc. No. 3].[1] Plaintiff alleges that her son, Mitchell Conjalko, is the step-father of B.H. and biological father of A.C., her natural grandchild. Complaint pp. 2-3. According to Plaintiff, both children were "taken" from Mitchell in a process that was "tainted" or "flawed" based upon alleged acts of abuse committed by Mitchell on B.H. and A.C., which were subsequently determined to be "unfounded" by the Office of Children, Youth and Families. Complaint p. 2, Exhibits B-D. Plaintiff requests the following relief:

> The relief that I'm seeking is to explunge (sic) this or erase it and give my son his rights back to both A.C. and B.H. and have them come home to us. If not my son Mitchell Conjalko, then to me. Thank you very much.

See Complaint p. 3.

---

[1]Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on November 16, 2007. See [Doc. No. 1]. Attached to this Motion was a handwritten letter addressed to the Judges of the United States District Court with attachments. This document was identified by the clerk as a "Complaint" and was filed on November 19, 2007. See [Doc. No. 3]. The Defendant was listed on the Civil Cover Sheet as "CYS." See [Doc. No. 1, Attachment 2].

1

Defendant moves to dismiss Plaintiff's Complaint or alternatively, for summary judgment, on the following grounds: (1) the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine; (2) the Complaint fails to state a substantive due process claim; (3) Plaintiff lacks legal standing; (4) CYS is protected by absolute immunity; (5) Plaintiff has failed to effectuate service pursuant to Rule 4 of the Federal Rules of Civil Procedure; and (6) Plaintiff fails to identify a party Defendant. We confine our discussion to the application of the Rooker-Feldman doctrine because we find it dispositive.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed.R.Civ.P. 12(b)(1). When considering a challenge to the court's jurisdiction pursuant to Rule 12(b)(1), no presumption of truthfulness attaches to the plaintiff's allegations, see Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977), and the court may "go outside the bounds of the complaint" and make factual findings which are decisive to the issue, relying on evidence such as affidavits, depositions and other testimony. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999), citing Employers Ins. Of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3rd Cir. 1990). The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of defendant under a Rule 12(b)(6) motion of convincing the court that plaintiff has failed to state a claim. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991), cert. denied, 501 U.S. 1222 (1991). If we conclude that this Court does not have subject matter jurisdiction over the case, we must dismiss the action. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3rd Cir. 1997).

Further, because Plaintiff is proceeding *pro se*, we will construe her Complaint liberally and hold it to a less stringent standard than a pleading drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction necessary to entertain Plaintiff's claims based upon the Rooker-Feldman doctrine. This doctrine provides that lower federal courts "may not sit in direct review of the decisions of a state tribunal." Gulla v. North

2

Strabane Township, 146 F.3d 168, 171 (3rd Cir. 1988), citing, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Port Authority PBA v. Port Authority of N.Y. and N.J., 973 F.2d 169, 179 (3rd Cir. 1992) ("[T]he fundamental principle of the Rooker-Feldman doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings."). The Rooker-Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3rd Cir. 2006). It is not limited to decisions by a state's highest court, but also applies to orders issued by lower state courts. Port Authority, 973 F.2d at 178. If a litigant's federal claims are barred under the Rooker-Feldman doctrine, the district court is divested of subject matter jurisdiction over those claims. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3rd Cir. 2003).

Here, the Superior Court of Pennsylvania at No. 484 WDA 2007 rendered an Opinion on October 3, 2007 affirming the trial court's order terminating Mitchell Conjalko's parental rights to his son, A.C. See Defendant's Supplemental Brief, Exhibit 3 [Doc. No. 11]. With respect to B.H., the Court of Common Pleas of Crawford County entered a decree on January 17, 2005 establishing Dwight David Huston as the natural father of B.H., and his parental rights were subsequently terminated on June 5, 2007 at O.C. No. 2007-40. See Defendant's Supplemental Brief, Exhibits 4-5.

In her Complaint before this Court, as well as in her response to Defendant's motion to dismiss, Plaintiff explicitly requests that the Court reinstate her son's parental rights to both children. See Complaint p. 3 ("give my son his rights back to both A.C. and B.H. and have them come home to us"); Response to Motion [Doc. No. 9] ("I do not want this dismissed ... [the case] should be erased as if nothing ever happened"); Letter filed June 25, 2008 [Doc. No. 10] (requesting that the Court "rule that Children and Youth Services return both B.H. and A.C. [a]nd to have Mitchell Conjalko's rights to both B.H. and A.C. reinstated"). By requesting that the Court reinstate her son's parental rights, Plaintiff is seeking a reversal of the state court

3

judgments, which is precisely what Rooker-Feldman prohibits.  See e.g., Nixon v. Tioga County Family Services, 2007 WL 2916124 at * 1 (3rd Cir. 2007) (district court lacked jurisdiction over complaint which sought reinstatement of suspended visitation rights); McKnight v. Baker, 244 Fed. Appx. 442, 445 (3rd Cir. 2007) (Rooker-Feldman prohibited review of Family Court order regarding visitation of minor child); O'Callaghan v. Harvey, 233 Fed. Appx. 181, 183 (3rd Cir. 2007) (holding that appellant's claims regarding a state court custody determination "lie squarely within [the] Rooker-Feldman doctrine"), cert. denied, 128 S.Ct. 652 (2007); Barnes v. Domitrovich, 184 Fed. Appx. 164, 166 (3rd Cir. 2006) (plaintiff's claims regarding state court termination proceedings were barred by Rooker-Feldman); Winters v. Office of Children and Youth Services, 2006 WL 1984658 at *3 (W.D.Pa. 2006) (court lacked jurisdiction of plaintiff's claim seeking restoration of parental rights under Rooker-Feldman doctrine).  Consequently, we lack jurisdiction to consider Plaintiff's claim and Defendant's motion to dismiss will be granted.

### IV. CONCLUSION

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA A. CONJALKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-318 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CYS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 27th day of August, 2008, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 7] is GRANTED.

The clerk is hereby directed to mark the case closed.

                                                      s/ Sean J. McLaughlin
                                                      United States District Judge

cm: All parties of record.